HOUGHAM v. HARVEY ET AL.

**Highway**: PRESCRIPTION. Continued, uninterrupted, adverse use by the public under a claim of right is essential to the establishment of a highway by prescription.

*Appeal from Polk District Court.*

WEDNESDAY, JUNE 16.

THE petition alleges that, by continued and uninterrupted use for more than twenty-one years, a certain road leading along Four Mile Creek, in the county of Polk, from the county road leading from Des Moines to Rising Sun to the

Des Moines and Delphi road, has become a public high-way. That the defendants have obstructed the said highway by building fences and erecting gates across the same, and lock-ing the gates, thereby entirely obstructing travel. The petition sets forth facts, which, it is claimed, show the peti-tioner to have a special interest in the continuance of the road, and prays that the same be adjudged a public highway by use and prescription, that the obstructions be removed and the nuisance abated, and that defendants be enjoined from contin-uing the obstructions. The court dismissed plaintiff's peti-tion, and he appeals.

*Bannister & Phillips* and *Goode & St. John*, for appel-lant.

*Finch & Sickmon, Nourse & Kauffman* and *McHenry & Bowen*, for appellees.

DAY, J.—The petition claims that the road in question has become a highway by long continued and uninterrupted pub-lic use. It is impracticable to review all the evidence, which is voluminous, and it would be impossible to present it so that it would be clearly understood without setting forth maps, with which we have been furnished, and which we have used in applying the evidence to the case. The road in controversy extends along Four Mile creek, in Polk county, is situated in Sec. 8, Tp. 78, R. 23, and is a little over one mile in length. A county road, known as the Rising Sun road, extends along the northern line of this section, and a county road called the Adelphi road extends along the southern line of the same. Both these roads lead to Des Moines, which is about four miles west and a little north of the place which is the subject of this controversy. The road in dispute connects these two roads. The plaintiff resides on the west side of Four Mile creek, between the roads above mentioned, and he appears to be the only person who now resides upon the creek, between said roads. Polk county was settled about the year 1845. Before any highways were located, the travel went up and down Four Mile creek, and wherever else necessity or convenience

scemed to require. Along the west side of the creek is a belt of timber from one to twenty rods in width, which is unfit for cultivation. When the settlers along the creek inclosed their farms, they fenced nearly down to the edge of the timber, thus inclosing their prairie land. Along the open space between the fences and the creek, a road was traveled more or less from the time of the settlement of the county until it was obstructed by defendants, a period of nearly twenty-five years. Much testimony has been taken, and much has been said about the necessity of this road not only to the plaintiff, but to those residing south of the Adelphi road. In an application to the Board of Supervisors to establish a road, this would be a very pertinent and a very important consideration. But when the sole question is whether the road has been established by uninterrupted and continued use, the question of necessity becomes altogether unimportant, except in so far as it may reflect light upon and explain the nature of the use. From the location of this road it is plain that it cannot now be used by the general traveling public. It is a little over one mile in length, and connects two thoroughfares running east and west. The general public and those living along these thoroughfares, have no necessity to use this cross road. The road is a mere local or neighborhood road. Much stronger evidence of a prescriptive right by the public is required " than if it were a thoroughfare, or part of an acknowledged highway between towns, or leading to a town, and as such constantly traveled. In cases of implied or presumed acquiescence or consent on the part of the owner, very much depends upon the location of the road, the amount of travel, the nature of the use by the public, the rights asserted by the public, the knowledge of the owner, and like circumstances. Each case must be largely decided upon its own merits." *Onstott v. Murray*, 22 Iowa, 457 (467).

Now, whilst the evidence clearly shows that a road leading up Four Mile creek has been traveled by all having occasion to do so, for about twenty-five years, yet the use is not of such character as to justify the conclusion that it was adverse to the owner of the soil, and under a claim of right by the public.

The road extends over the uninclosed space between the creek and the prairie. The road was not worked as a highway by the road supervisor. The travel was confined to no particular line, but constantly changed and varied when natural or artificial obstacles came in the way. Upon one of the maps furnished us is a road designated by the witnesses and marked on the map as the old creek road. For more than half its entire length this road is entirely distinct from the road now claimed, which it touches at only one point. In 1860, Harris moved back his fence for the purpose of constructing a levee, and then, for the first time, did the travel enter upon the portion of the present line where the obstruction is placed. The ground now occupied by the road was, before the removal of Harris' fence, within his inclosure.

Defendant fenced up the road in question in the spring of 1869, and erected gates for the use of himself, intending to let his neighbors pass through them as long as they kept the gates closed. In the fall of 1870 these gates were locked. For a period of more than a year that this way was obstructed by gates, no complaint was made. When defendant built his levee, in 1860, he ploughed and scraped out the track of the road to the depth of a foot and a-half or two feet, and to this no objection was made. Subsequent to 1864, defendant cut brush and threw it into the road, where it remained for several years without complaint. In view of the character of the highway, the fact that it is over unimproved and vacant land, the roving nature of the possession, and the extent to which it was suffered to be interfered with without complaint or protest, we do not feel warranted in holding that there has been such continued, uninterrupted, adverse use under claim of right, as amounts to the establishment of a highway by prescription. See *Gentleman v. Soule*, 32 Ill., 271 (278); *Lawton v. Rivers*, 2 McCoid, 445; *Bowman v. Wickliffe*, 15 B. Monroe, 84; Angell on Highways, § 151, and cases cited; *Warren v. Trustees of Jacksonville*, 15 Ill., 236 (241).

In our opinion the judgment should be

AFFIRMED.