LILLIAN BENJAMIN, Appellee, v. MIKE O'ROURKE et al., Appellees; CITY OF COUNCIL BLUFFS, Intervener, Appellant.

**ADVERSE POSSESSION: Hostile Character—Use Alone.** "Use" alone will not establish adverse possession.

**BOUNDARIES: Acquiescence—Purpose of Fence.** A claim to a boundary line because of acquiescence in a line indicated by a fence must fail when there is no showing when, by whom, or for what purpose the fence was erected, or that it was ever treated as a boundary line.

*Appeal from Pottawattamie District Court.*—E. B. WOODRUFF, Judge.

JUNE 24, 1924.

ACTION in equity, to enjoin the individual defendants from

removing a fence. The city of Council Bluffs intervened, claiming ownership of a tract of land which plaintiff had inclosed by a fence. There was a decree for the plaintiff, and the intervener appeals.—*Affirmed.*

*V. A. Morgan,* for appellant.

*Fremont Benjamin* and *Verne Benjamin,* for appellee.

FAVILLE, J.—I. The accompanying plat will aid in an understanding of the questions involved in this appeal. Appellee owned the north half of Lot 3 of original plat of Lot 230. It is

1. ADVERSE POSSESSION: hostile character: use alone.

marked on the plat by the name "Benjamin." This lot lies to the east of Main Street. The question involved in the case is with regard to the eastern boundary of this lot.

⊗ Alley by ordinance   No deed.
+ Disputed tract.

As originally platted, the eastern boundary of the lot in question was a diagonal line, abutting on Original Plat Lot 189, which is owned by appellant city. The tract in controversy in this action is the eastern portion of said lot, and is a parcel 38 feet long on the north side of said lot and 29.2 feet long on the south side.

It also appears that there was a blind alley laid out by city ordinance in 1881, that extends into this lot, as indicated by the broken lines on the plat. This alley, however, was never legally established, nothing appearing to have been done in regard thereto except the adoption of a city ordinance, and no attempt was ever made to condemn the property nor to establish the alley in fact upon said lot. It is not seriously contended that the alley was ever established in a legal manner.

Appellant's contention with regard to the lot in question is based upon a claim of use of the same by the city and of acquiescence by the owners in the boundary line.

As shown on the plat, the city hall, city jail, patrol house, and a scale house of the city's are located on the land immediately adjacent to the tract in controversy, on the east. It is the contention of appellant that, for a number of years, the city has used the tract in controversy as a scale yard, where vehicles hauling products to be weighed upon the city scale were parked, for the convenience of the drivers of the same. It appears that, many years ago, a board fence was erected that extended practically north and south across said lot and substantially where the western line of the alley referred to, if produced across said lot, would have been located, had the alley been legally established. The disputed tract is the irregular parcel lying east of said fence line.

Appellant cannot successfully claim the right to the possession of the tract on the theory of adverse possession. Under Code Section 3004, adverse possession must be established by evidence distinct from and independent of use, and it must be shown that the party against whom the claim is made had express notice thereof. There is an utter failure to establish in this case that the use of the real estate in question by appellant city was either under a color of title or a claim of right. The mere use of the premises as a scale yard for the convenience of

the patrons using the city scales could not ripen into title by adverse possession, merely from the use in said manner, where the city had no color of title, and where it was not shown that such possession was under any claim of right. Even if it be conceded that the evidence is sufficient to show that appellant had possession of the property,—which question is not free from doubt,—still there is a failure of proof that appellant ever made a claim of right to said property or that it ever had any color of title thereto. Furthermore, it does not appear that appellee or her grantors ever had any notice of any adverse claim of title to said premises on the part of appellant.

Under such a situation, the fee title to the premises as vested in appellee cannot be disturbed on the ground of the present claim of appellant of title thereto by adverse possession. Such has been our repeated declaration. *State v. Mitchell,* 58 Iowa 567; *Gray v. Haas,* 98 Iowa 502; *O'Malley v. Dillenbeck Lbr. Co.,* 141 Iowa 186; *Jones v. Peterson,* 178 Iowa 1389. See, also, *Kinsinger v. Hunter,* 195 Iowa 651; *Cohen Bros. Iron & Metal Co. v. Shackelford Brick Co.,* 197 Iowa 674.

II. Is appellant entitled to possession of the premises because of acquiescence in the boundary line, as indicated by the erection of the fence?

2. BOUNDARIES: acquiescence: purpose of fence.

It appears that the fence referred to was erected across said Sublot 3 more than twenty years prior to the commencement of this action, and that the fence remained thereon for some time, and until it rotted down. There is no evidence in the record showing just when the fence was erected or by whom it was erected, nor is there any showing that the owner of said lot had notice or knowledge of the erection of the fence at the time it was so erected. Furthermore, there is nothing in the record to indicate that the fence was erected as a partition fence. It extended across said Sublot 3 in a straight line, and between twenty and thirty-six feet from the eastern extremity of the lot. There is not a word in the record showing or tending to show that this fence was erected by the owners of two adjacent tracts of land, as the boundary between said tracts. No buildings or monuments have been erected upon the premises in view of the existence of this fence, either before or after the same disappeared.

The facts of the case do not bring it within the rule previously recognized by us regarding long continued acquiescence in a fence or other visible monument as marking the division line between two adjacent tracts of land owned by different parties. Even if the rule of acquiescence as recognized by this court, and its application under proper circumstances, be conceded, the facts of this case fail to bring it within the provisions of such a rule.

Nor do the facts establish any dedication of the tract in question to the intervener for a public use.

We are satisfied from the record that the title of appellee to the premises in question has not been lost to her, either by adverse possession or by acquiescence in a boundary line, or by dedication to appellant. The decree of the district court is in accordance with the facts and with the law as applied thereto, and it therefore must be, and is,—*Affirmed.*

ARTHUR, C. J., EVANS and PRESTON, JJ., concur.