John D. Shuler et al., Appellees, v. Independent Sand & Gravel Company, Appellant, et al., Appellees.

**COVENANTS:** Restrictions as to Use of Property—Omission from Deed
1  —Effect.  The grantee of a lot who takes by quitclaim deed which contains *no* restrictions as to the use of the property is, nevertheless, bound by restrictions as to the use of the property contained in the deed to his grantor and in substantially all other deeds to lots in the addition, it appearing that the addition in question was publicly and notoriously platted as a restricted residence area.

**HIGHWAYS:**  Dedication—Evidence—Sufficiency.  Plat of a municipal
2  addition reviewed, in the light of explanatory testimony, and held insufficient to show that an irregular tract therein had been dedicated as a public street.

**EVIDENCE:**  Parol as Affecting Writings—Ambiguous Plat.  A town
3  plat which is ambiguous in its descriptions and recitals is subject to parol explanation.

**HIGHWAYS:**  Prescription—Essential Elements.  Principle reaffirmed
4  that to establish a public highway by prescription there must be satisfactory evidence of a general, uninterrupted public use, under a claim of right, continued for the statutory period.  (See Book of Anno., Vol. 1, Sec. 10175, Anno. 4 *et seq.*)

**COVENANTS:**  Restrictions as to Use of Property—Estoppel.  Record
5  reviewed, and held insufficient to show that property owners were estopped to insist on compliance with certain restrictions as to the use of platted lots.

Headnote 1:  18 C. J. pp. 395, 397.  Headnote 2:  18 C. J. p. 100. Headnote 3:  18 C. J. p. 92.  Headnote 4:  29 C. J. pp. 373, 375, 383, 384.  Headnote 5:  21 C. J. p. 1165.

Headnote 1:  7 R. C. L. 1115.

*Appeal from Polk District Court.*—Joseph E. Meyer, Judge.

June 21, 1926.

Rehearing Denied February 16, 1927.

Action by the owners of certain property platted as a subdivision to the city of Des Moines, seeking to enjoin the defend-

ant from using and permitting the use of a certain tract of land in violation of certain claimed restrictions. The Linden Heights Company, a corporation, and other property owners intervene. The defendant claims that the premises in question were dedicated as a public highway. The court decreed a permanent injunction, as prayed, and the defendant appeals. The facts appear in the opinion.—*Affirmed.*

*Havner, Flick & Powers, T. A. Kingland,* and *F. T. Van Liew,* for appellant.

*Wilson & Shaw, Comfort & Comfort, John C. Wooden,* and *A. T. Wallace,* for plaintiffs, appellees.

*Sargent, Gamble & Read* and *Miles Warner,* for interveners, appellees.

FAVILLE, J.—In 1911 the Linden Heights Company was incorporated. It acquired a tract of property in the southwest part of the city of Des Moines, and caused said property to be platted as Linden Heights. A civil engineer surveyed the land and prepared a plat, which was afterwards presented to the city council, and approved by it in April, 1913. The evidence of the incorporators of the Linden Heights Company and others shows beyond any question that the purpose of the platting of Linden Heights was to make it a selective, restricted, and high-class residential district. The homes that have been built therein are expensive and very valuable. The evidence shows that the plan and scheme of the incorporators were to sell the lots so platted solely for residence purposes, and, to accomplish that purpose, restrictions were placed in the deeds to the lots so conveyed. About 120 lots had been sold prior to the bringing of this action, and uniform restrictions were placed in the deeds to all of said lots except as to two. The particular restriction which appellees urge in this connection is Restriction No. 9, and is as follows:

1. COVENANTS: restrictions as to use of property: omission from deed: effect.

"No purchaser of any lot or lots, his heirs or assigns shall be permitted to use the same, or any portion thereof, as a passageway, or means of ingress or egress to or from any property outside of Linden Heights Addition; nor shall he permit or

authorize anyone else to so use any portion of same for either of said purposes, either temporarily or otherwise.''

Appellant is the owner of Tracts D and E, Lot 34, and a part of Lot 35 in Linden Heights. It acquired title thereto by a quitclaim deed, on or about the 20th of April, 1925, from J. N. Darling and Paul Beer. The said tracts were conveyed to Darling and Beer on July 30, 1914, by the Linden Heights Company, said deed containing the restriction above quoted.

The basis of appellees' complaint is that appellant, as owner of said tract, has violated the reservation contained in the deeds from the Linden Heights Company to the original grantees, Darling and Beer, in that appellant is permitting the use of said Tract E as a ''means of ingress or egress to or from any property outside of Linden Heights Addition.''

Appellant owns and operates a large sand and gravel plant located south and west of Linden Heights. A very large amount of sand and gravel has been and is still being transported in heavy trucks from appellant's plant over said Tract E to Foster Drive, and thence to Forty-second Street.

The particular thing complained of is the act of appellant in permitting the tract or lot designated as ''E'' on the plat, to be used as a highway and a means of ingress to and egress from Linden Heights.

I. If we assume, at this point, that the said Tract E is not a public highway, and that appellant owns the fee thereto, the same as to the other lots to which it acquired title, the question for first consideration is whether or not the restrictions in use in other conveyances to lots in the Linden Heights Addition apply to appellant's property and are enforcible against it.

The deed from the Linden Heights Company to Darling and Beer contained said Reservation No. 9. Appellant acquired its title from Darling and Beer by quitclaim deed. The evidence shows beyond any question that the plan for the laying out of said addition contemplated that the lots therein should be sold subject to such restriction. This was fully understood by the incorporators and by purchasers. Advertising matter disclosed the fact, and it was publicly and generally known that the Linden Heights Addition was a restricted residential district. The whole plan connected with its being platted into a residential district contemplated and provided for its use as a restricted district.

The accompanying copy of the plat of Linden Heights will aid in an understanding of the questions involved.

Under the record, we think it must be held that appellant was chargeable with notice of this general plan with regard to the restricted character of the district. The mere fact that the restrictions were not embodied in two of the deeds to lots sold is not sufficient to constitute a waiver of the right of other property owners, or of the corporation, to insist upon the restriction as to the lots in question.

We recently had occasion to consider the question herein involved, and it is unnecessary that we review the authorities at length again. See *Hegna v. Peters*, 199 Iowa 259.

The fact that appellant acquired its title by quitclaim deed from grantors who held title under the restrictions would not discharge its property from the restrictions running with the land, embodied in the deed under which its grantors acquired title. *Hegna v. Peters*, supra. See, also, *Allen v. City of Detroit*, 167 Mich. 464; *Hooper v. Lottman* (Tex. Civ. App.), 171 S. W. 270; *Riverbank Imp. Co. v. Bancroft*, 209 Mass. 217 (95 N. E. 216); *Wallace v. Clifton Land Co.*, 92 Ohio St. 349 (110 N. E. 940); *Duester v. Alvin*, 74 Ore. 544 (145 Pac. 660).

If Tract E is not a public street, either by dedication or prescription, then it is subject to the reservations contained in the deed from the Linden Heights Company to the said Darling and Beer, even though such limitation is not embraced in the quitclaim deed from Darling and Beer to appellant.

II. The question for determination at this point is whether or not the said Tract E was dedicated as a public street. If so, appellant has a right to use it for any legitimate purpose for which it could use any other street of the city. If it was not dedicated as a street, appellant is using it for purposes in violation of the restriction, and the injunction was properly granted.

2. HIGHWAYS: dedication: evidence: sufficiency.

The certificate on the plat, after giving the general description of the property embraced in the tract, contains the following statement:

"I further certify that iron rods have been set at all lot corners and the dimensions as shown are in feet and decimals of a ft. and are correct. Bearings as shown are correct. The line of 42nd St. being taken as the basis representing a North and South line. Radii as shown represent distances to center of the respective streets."

The particular tract in controversy is in the southwest portion of the plot, and is marked on the plat with the letter "E." It is an irregular tract, 40 feet in width and 716 feet in length. It extends from Foster Drive in a generally southwesterly direction, to the limits of the platted tract.

The statute in force at the time this subdivision was platted required that the proprietor of a tract of land desiring to subdivide the same, or for the purpose of laying out an addition to a city, "shall cause a plat of such subdivisions, with references to known or permanent monuments, to be made, giving the bearing and distance from some corner of a lot or block in said town or city to some corner of the congressional division of which said town, city or addition is a part, which shall accurately describe all the subdivisions thereof, numbering the same by progressive numbers, giving their dimensions by length and breadth, and the breadth and courses of all the streets and alleys established therein."   Code of 1897, Section 914.

Section 916 of the Code of 1897 provides for the filing of said plat, and its approval by the city council.

Section 917, Code of 1897, provides that the plat shall be filed for record in the office of the recorder and "such acknowledgment and recording shall be equivalent to a deed in fee simple of such portion of the premises platted as is set apart for streets or other public use."

In *McDaniel v. Mace*, 47 Iowa 509, we said:

"A plat is a subdivision of land into lots, streets, and alleys, marked upon the earth and represented upon paper."

At the outset, it is to be noticed that there is no accompanying description or explanation of said plat, except the certificate of the engineer who prepared the same.   It is to be noticed that the statute, Code of 1897, Section 914, requires that the plat shall accurately describe all the subdivisions of the tract of land, "numbering the same by progressive numbers, giving their dimensions by length and breadth, and the breadth and courses of all the streets and alleys established therein."   In conformity with this statute, the plat describes the subdivision of the tract into lots, numbering the same by progressive numbers from 1 to 131, inclusive, and giving their dimensions by length and breadth.   The plat further recites that iron rods have been set at all lot corners, and it is to be observed that the let-

ters "i p," presumably referring to an iron pipe, or iron rod, appear at the outlying corners of the tract as shown on the plat, but not at each lot corner, as stated in the certificate. Bearings are certified by the engineer to be correct, the line of Forty-second Street being taken as a basis, and representing the north and south line. Then follows the statement, "Radii as shown represent distances to center of the respective streets." A number of streets are marked on the plat by name, and designated as "drives," and the several radii drawn upon the plat represent the distances to the center of these respective streets.

It is to be observed upon the plat that there are six irregular tracts, or parcels of land, designated by letters of the alphabet, respectively, as A, B, C, D, E, F. It is perfectly apparent that the tracts designated as A, B, C, D, E, F are not all of the same class as the lots designated by numbers, and obviously they could not all be used as residence lots. The letter B, for example, was used to designate a small "island" at the intersection of the streets. No one would contend for a moment that it was intended as a residence lot. The same is true of Tract A. Tracts C, D, and F possess characteristics apparently different from the numbered lots on the plat. With regard to Tract E, it is also perfectly apparent that this tract possessed peculiar characteristics. It is obviously not intended as a building lot, any more than Tract A or Tract B. As shown, it is irregular in shape, 40 feet wide and 716 feet long. It starts at Foster Drive, and passes, in an irregular form, to the limits of the addition. There are no iron rods at the corners of this tract, to mark it as a lot, according to the recital, nor are there at most of the lots as shown on the plat. It appears that there is an iron post in the center of Tract E at the addition line at the southwest.

The recital of the certificate is that radii as shown represent distances to the center of the respective streets. The radii shown on the map represent the distances to the center of all of the drives designated as such on the plat. Appellant strenuously contends that, from the plat itself and the recitals of the certificate attached thereto, Tract E was dedicated as a public street, and that the acceptance by the city council of said plat was an acceptance of the dedication of the said Tract E as a public street. There are no recitals in the certificate, or other-

wise, making any explanation whatever as to the character of the said tracts, A, B, C, D, E, and F, except as is observable from the plat itself and the recitals with regard to measurements, markings, and radii.

The undisputed evidence in the case shows that Tract E extends along a somewhat narrow ravine between two hills. The evidence also shows that, for many years antedating the platting of Linden Heights, the territory now embraced in Linden Heights, together with other territory adjacent thereto, contained few, if any, residences. It was a heavily timbered tract, with very irregular topography, and with a number of hills, valleys, and ravines. For many years, there had been a track or roadway passing down this ravine, substantially where said Tract E is located. There had been coal mines, in the past, located near the railroad tracks southwest from Linden Heights, and this roadway had been used more or less by people passing to and from said mines. It also had been used to some extent by people going to Coon River, which lies southwest of the tract.

There can be no dispute that, when the Linden Heights Company undertook to lay out this addition, there was a roadway, or track, substantially where Tract E is located. The engineer in his testimony refers to it as a "roadway," and the undisputed evidence is that said Tract E was laid out 40 feet in width and 716 feet in length for the purpose of using it as a roadway or drive. It could not well have had another use. It is claimed by appellant that, under the plat, it was dedicated as a *public* street. Appellees contend that it was marked off as a *private* roadway, for use of the owner of Lot 34, and also that it was within the contemplation of the incorporators that a heating plant might be constructed on Tract F, in the southwest corner of the addition, and that Tract E would be used as a roadway by the incorporators, by which to reach Tract F.

Taking the plat as it is, with the limited and somewhat ambiguous descriptions and recitals thereon, we think that it cannot be held therefrom, as a matter of law, that the tract designated as Tract E by the recitals of the plat was dedicated by the owners and accepted by the city as a public street. The plat does not, in express terms or by necessary inference, so recite. The fact that it is 40 feet in width, the same as the

designated drives on the plat, and that, from its shape, it is of no practical use except as a roadway, is by no means conclusive that it was the intention of the incorporators to dedicate it as a *public* highway. It is quite as consistent that it was reserved to the incorporators for use as a *private* roadway. Significance is to be attached to the fact that the plat indicates no opening from Tract E to Foster Drive, and there is also added significance in the fact that, when Foster Drive was paved and curbed, the curb extended across the end of Tract E. It is consistent with the purpose of the incorporators that said Tract E should be laid out and used by the incorporators as a private driveway, and to reach a central heating plant at Tract F. All of the laid-out and designated "drives" connected with Forty-second Street. There was no means of entrance to or exit from the district except by way of said street. If Tract E was intended as a public highway, it would be wholly inconsistent with the plan of driveways in the area, as shown by the evidence, and also wholly inconsistent with the reservations in the deeds.

The evidence of the incorporators of the Linden Heights Addition clearly and unmistakably shows that it was not their intent and purpose to dedicate Tract E as a public highway. 3. EVIDENCE: parol as affecting writings: ambiguous plat. The evidence of the engineer who laid out the district and who made the plat is also positive and clear that it was not the intention to dedicate Tract E as a public highway, or that the plat should be so interpreted. This evidence by the incorporators and the engineer is not inconsistent with the recitals of the plat, but is proper to be considered in explanation thereof, and as showing the intent of the parties who made and filed the plat. This is especially so where, as in this case, the recitals are ambiguous and not self-explanatory. *Miller v. Weingart*, 317 Ill. 179 (147 N. E. 804) ; 18 Corpus Juris 92.

It is especially significant that, if Tract E was intended to be dedicated as a public highway, this would be wholly at variance to the plan of the restricted district. The map indicates that the purpose was to provide that ingress to and egress from the district should be only by way of Forty-second Street. If the dedicators intended Tract E as a public highway, it would be directly contrary to the very plan and purpose of the arrange-

ment of the highways within said district. In addition to this, it would render Reservation No. 9 in the deeds valueless.

The statement in the certificate that "radii as shown represent distances to center of respective streets" is by no means conclusive, under the record in this case, in establishing Tract E as a public highway.

Construing the plat as a whole, in the light of the proven facts and circumstances, we are constrained to hold that the title to Tract E remained in the dedicators, the same as all of the other tracts designated by letters, and that it was not dedicated as a public highway.

III. It is contended that the public acquired the right to use said tract as a public highway by prescription. Under the statute, Code of 1924, Section 10175, evidence of use alone is

4. HIGHWAYS: prescription: essential elements. not sufficient to establish a public highway by prescription. *Jones v. Peterson*, 178 Iowa 1389; *Friday v. Henah*, 113 Iowa 425; *Bradford v. Fultz*, 167 Iowa 686; *Benjamin v. O'Rourke*, 197 Iowa 1338. To establish a highway by prescription, there must be satisfactory evidence of a general and uninterrupted public use, under a claim of right, continued for the statutory period. *Onstott v. Murray*, 22 Iowa 457; *State v. Tucker*, 36 Iowa 485; *Hougham v. Harvey*, 40 Iowa 634; *State v. Green*, 41 Iowa 693; *Gray v. Haas*, 98 Iowa 502; *Fairchild v. Stewart*, 117 Iowa 734; *Benjamin v. O'Rourke*, supra.

The evidence is insufficient to establish a public highway at the place in question, by prescription. It is true that, for a considerable period of time, there has been a track down the ravine in question, which has been used more or less. The evidence shows that at various times this roadway has been closed by gates. The evidence also tends to show that the use of the tract for travel has been permissive on the part of the landowner, rather than indicative of an intent to dedicate the same to the public for use as a public highway. There is no evidence that the officials of the city have at any time ever recognized the tract as a highway, or exercised dominion over it, although it appears that a sewer has been laid along a portion of the tract. The evidence fails to show any such continuous, general, and uninterrupted recognition and use of the tract as a public highway as to establish the same as a public highway by pre-

scription, under the well recognized rules frequently announced by this court.

IV.   Appellant contends that the use of said tract as a highway is essential to the carrying on of its large business in the sale of sand and gravel, and that said tract furnishes the

5. COVENANTS: restrictions as to use of property: estoppel.
only adequate and convenient method of reaching appellant's said plant.   A very large sum of money has been expended in the construction and development of appellant's property, and appellant claims that appellees have stood by and permitted appellant to spend sums in reliance upon its right to use said tract as a public highway.

The use of said tract of land as a means of passage to and from Linden Heights was contrary to the restrictions under which appellant held title to said property.   The record is wholly lacking in any sufficient evidence to show any estoppel on the part of appellees to insist upon the restrictions contained in the deed of said property, or to enforce the same at this time.   There is no proof of laches, nor is there merit in appellant's contention of an abandonment by the Linden Heights Company of the restrictions contained in its deed to said property.

We have examined the record with great care, having in mind each of the contentions pressed upon our attention by appellant, and we are constrained to hold that the trial court was correct in issuing an injunctive order restraining appellant from the use of said Tract E as a means of ingress and egress to and from the Linden Heights district.

The decree of the district court appears to be in all respects correct, and it must be, and it is,—*Affirmed.*

DE GRAFF, C. J., and EVANS, STEVENS, VERMILION, ALBERT, and MORLING, JJ., concur.