No. 17,552.

CARL C. PAGEL *v.* GERALD GISI, ET AL.
(286 P. [2d] 636)

Decided August 2, 1955.   Rehearing denied August 22, 1955.

Mr. FRANCIS A. BENEDETTI, for plaintiff in error.

Messrs. GRUTTER & CALLAHAN, for defendants in error William E. Shepherd and Lola J. Shepherd.

Messrs. THOMPSON & OZMAN, for defendants in error Gerald Gisi, Cecil J. Curtis, Olover P. Ozman, Alonzo Beethe, Gordon Arthur, Carroll Phillips, Jay Andrews, W. A. Hague, Victor Weickum, Carl J. Hoch and Arnold B. Hoch.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

THESE parties appeared in reverse order in the trial court and are hereafter referred to as there, or by name.

This is a class action brought by plaintiffs, who are owners of certain lots in the Hoch Park Addition to the town of Yuma, Colorado, to enforce a general plan of restriction as to the use of the land in said addition. By their complaint plaintiffs alleged that a house trailer parked upon a lot belonging to defendant Pagel violated the restriction that the premises "will be used for dwelling houses only, and that any dwelling that is hereafter erected by the party of the second part, his successors and assigns on this lot to be at a cost of not less than $4,000, or to be upon plans to be approved by the grantor, his heirs and assigns, should said dwelling be of less value." It was further provided that any violation of the restrictions, revisions and conditions shall cause the title of said premises to revert to the original grantor, his heirs or assigns, and that said conditions, restrictions and reservations are covenants running with the land. By

their complaint, plaintiffs sought to enjoin defendant from maintaining on his lot a house trailer. Pagel's answer alleged that no such restriction was contained in his deed, and further alleged estoppel, waiver and other defenses.

The evidence discloses that the Hoch Park Addition to the town of Yuma, Colorado, was laid out and annexed to said town in 1920 by H. C. Hoch. This addition consists of five and one-half blocks numbered one through six. Defendant owns lot ten, block five in said addition.

Plaintiffs Gisi and Curtis are owners of lots, the deeds to which contain the restrictions mentioned. The other plaintiffs are owners of lots which were conveyed without written restrictions, but who recognized and conformed to the general plan of restricted use.

Defendant Pagel made his immediate grantors, William E. Shepherd and Lola Shepherd, third-party defendants in the action. For a claim against them defendant Pagel alleged that said third-party defendants conveyed the lots in question to him by warranty deed which contained no exceptions or reservations. He prayed for judgment against the Shepherds "in the event plaintiffs are successful in their suit damages in the amount of $1,000."

The trial court in its findings and judgment determined from the evidence that defendant Pagel acquired said lot ten through a trade with William E. Shepherd and Lola J. Shepherd, and at the time of the trade defendant Pagel knew that the property was under restriction as to use, which prevented his grantors from moving a house thereon. Careful reading of the record discloses there is no dispute about this matter, defendant Pagel having admitted that Mr. and Mrs. Shepherd wanted to trade the lot so that they could get some other premises upon which they could move a house. The trial court found that defendant Pagel was "fully advised of the restricted conditions concerning the property he acquired before and at the time of the exchange with the Shep-

herds. In addition, the general development of the area disclosed unmistakably that it was being developed for the use of new permanent homes." The trial court found that "all lots in said addition, except block six thereof, (reserved for school purposes) have been restricted under a general plan of development concerning which defendant Carl C. Pagel was fully advised at the time of his acquisition of title." The record contains ample competent evidence to sustain this finding. The trial court further concluded that the plan of restriction had not been abandoned or altered in any manner, and that the trailer house of defendant Pagel is not a dwelling house as required by said restrictions.

The trial court ordered that defendant Pagel remove the trailer house and all appurtenances thereto from said lot ten, block five within a period of sixty days from the date of the decree, and from the said judgment and decree defendant brings the cause here by writ of error.

For reversal it is argued that no general or specific plan of restrictions was ever shown to exist, and that said restrictions were personal to the grantor, Hoch, and that defendant is using his property for a "dwelling house only" and because the restrictions were not contained in Pagel's deed, they are not binding upon him.

There is ample evidence to sustain the findings of the trial court of a general plan of development of this subdivision, and while several of the lots were conveyed without the restrictions appearing in the deeds of conveyance, nevertheless the grantees, together with defendant Pagel were fully advised of the general plan of development of this subdivision, and, with the exception of Pagel, complied therewith.

As a general rule, the omission of a restrictive covenant contemplated by a general plan of development of a subdivision through inadvertence or otherwise, in a conveyance of one of the lots by the subdivider, does not prevent enforcement of the restriction against the immediate grantee of such lot, or his successor in title, if either

took with notice of the restriction or knowledge of the general plan. Such restrictions are for the mutual benefit of all property owners in the subdivision and each and all of the property owners are entitled to the benefit of such plan, regardless of whether the same is set out in the deeds or not.

In *Seegar v. Puckett*, 115 Colo. 185, 171 P. (2d) 415, this court held: "That such a general plan as that evidenced by the plat of Ritchie and the various deeds to purchasers of tracts in Stewart Gardens is valid, that such restrictions are for the benefit of all the purchasers and so made, that they give a right in the nature of an easement enforceable in equity against all purchasers though there be no direct contractural relations between them, and give each a right to enforce the restrictions against others, is well settled. *Evans v. Foss,* 194 Mass. 513, 515, 80 N.E. 587; *DeGray v. Monmouth Beach Club House Co.,* 50 N.J. Eq. 329, 24 Atl. 388; *Hayes v. Gibbs,* (Utah) 169 P. (2d) 781. The evidence amply supports the allegations of the complaint as to the original plan of Ritchie and that Seeger bought with full knowledge thereof. In such case it is immaterial that the restrictions were not contained in Seeger's deed. *Burgess v. Magarian,* 214 Ia. 694, 243 N.W. 356." The same rule is announced in *Taylor v. Melton,* 130 Colo. 280, 274 P. (2d) 977. See, also, *Northwest Civic Assoc. v. Sheldon,* 317 Mich. 416, 27 N.W. 2d 36; *Jackson v. Richards,* 26 Del. Ch. 260, 27 Atl. 2d 857; *Kiskadeen v. Berman,* 244 Mich. 473, 221 N.W. 632; *Sandborn v. McLean,* 233 Mich. 227, 206 N.W. 496; *Lamonte v. Orlando,* 97 N.J. Eq. 425, 129 A. 442; *Chapin v. Dougherty,* 165 Ill. App. 426; *Hegna v. Peters,* 199 Ia. 259, 201 N.W. 803.

There is ample competent evidence in the record to sustain the finding of the trial court that this area "was being used exclusively for the construction of new permanent homes." When the defendant moved his house trailer on the premises he placed thereon not a permanent home but, as observed by the trial judge, he moved

thereon a "portable unit designed to be hauled from place to place by an automobile or truck and would detract from and reduce the value of any residential area where it is permitted to be located. It belongs in a trailer court where such ambulatory units are permitted."

The record contains nothing which even remotely indicates that the general plan or scheme of restricted use of these lots has been abandoned or altered. The trial court found that such plan had not been altered or abandoned.

■ The deeds in Pagel's chain of title have the word "None" inserted as a part of the clause "and warrant the title to same." The trial court found that it was the considered and intended action of the parties to nullify the warranty clause in the deeds. Ordinarily where the written and printed portions of a deed are inconsistent, the former will prevail. We need not pass on this point because there is no evidence in the record that defendant Pagel has suffered any damage on the part of the Shepherds, because the motivating cause for the trade between Pagel and the Shepherds was the fact that the Shepherds could not move on the lot in question a house from another location, a fact which defendant Pagel readily admitted.

■ Where there is no failure of title, the fee remaining in the grantee, but where the land or part thereof is subject to an easement that cannot be satisfied by the payment of money, the measure of damages in the event of a breach of warranty is the difference in the value of the land with and without the easement. 21 C.J.S. Sec. 145 (d) p. 1022; 14 Am. Jur. Sec. 151, p. 581; 14 Am. Jur. Sec. 186, p. 604.

In the instant case no attempt was made to prove damage because of the asserted breach of warranty. In fact the testimony discloses that the restrictive covenant was beneficial and increased the value of the property, rather than depreciating it.

We conclude that the trial court correctly ruled that

defendant Pagel could not recover on this third-party complaint against the Shepherds.

Perceiving no prejudicial error in the record, the judgment is affirmed.

MR. JUSTICE MOORE not participating.