Keith T. Koske Director Colorado Real Estate Commission 1776 Logan Street Denver, CO 80203
Dear Mr. Koske:
This opinion letter is in response to your July 27, 1981 letter in which you inquired about the liability under the Mobile Home Dealers Act, C.R.S. 1973, 12-51.5-101 et seq., as amended by Senate bill 237 (1981 session), of real estate licensees who sold a "mobile home" under variously defined facts.
QUESTIONS PRESENTED AND CONCLUSIONS
Your request for an attorney general's opinion presents two questions concerning the Mobile Home Dealers Act, the Real Estate Broker and Salesman Licensing Act, and the taxation of mobile homes as real property:
1. A piece of land has upon it a mobile home as defined in section 12-51.5-101(4) except that the wheels are removed and the mobile home is set upon a foundation and attached to utility services. If a broker, licensed pursuant to title 12, article 61, but who is not licensed to sell mobile homes pursuant to C.R.S. 1973, 12-51.5-101, et seq. sells the land and such mobile home, pursuant to an agreement with a person who is the owner of both, is such broker in violation of the Mobile Home Dealers Act?
 My conclusion is "yes." It is my opinion that such a structure constitutes a "mobile home" as defined in C.R.S. 1973, 12-51.5-101(4) and a mobile home dealer's or salesman's license is required unless an exemption applies. Senate bill 237 (1981 Colo. Sess. Laws p. 817) repealed the exemption from the mobile home licensing requirement for real estate licensees "engaged in transactions in which the sale or transfer of an interest in land is an integral part of the transaction," 12-51.5-101(5)(e) (prior to repeal).
2. The owner of a mobile home, as defined in question No. 1, leases or rents land. The mobile home is set upon a foundation on the leased or rented land and attached to utility services. If a licensed broker, pursuant to an agreement with the mobile home owner, negotiates the sale of the mobile home and negotiates the transfer of the lease or rental agreement to the purchaser of the mobile home, is such broker in violation of the Mobile Home Dealers Act?
 My conclusion is "yes," for the same reasons summarized in my answer to question number one.
This opinion does not address either the question of the real property status of a mobile home by its affixation to land or the question whether a mobile home licensee is required to have a real estate license to negotiate the transfer of a leasehold estate in connection with the sale of a mobile home.
ANALYSIS
For purposes of analysis, I am combining your two questions. C.R.S. 1973, 12-51.5-120(1) makes it unlawful to act as a mobile home dealer without a license to do so. "Mobile home dealer" is defined in 12-51.5-101(5) to include anyone who sells, exchanges, or rents or offers or attempts to negotiate a sale or exchange of a mobile home in return for some valuable consideration. Finally, a "mobile home" is defined in 12-51.5-101(4) as:
 (4) "Mobile home" means any wheeled vehicle, exceeding either eight feet in width or thirty-two feet in length, excluding towing gear and bumpers, without motive power, which is designed and commonly used for occupancy by persons for residential purposes, in either temporary or permanent locations, and which may be drawn over the public highways by a motor vehicle.
Although there is a growing move toward treatment of mobile homes as other forms of housing,[1] such concerns do not operate to avoid the licensing requirements of the Mobile Home Dealers Act. The definition of "mobile home" set forth in12-51.5-101(4) contains several elements. Your questions assume the structure is a "mobile home" except for the removal of wheels, placement on a foundation and attachment of utility services. Mere removal of the wheels does not make the structure into something other than a "mobile home." The reference to "wheeled vehicle" in section 101(4) serves to distinguish modular homes and other non-site built housing, transfers of which are not within the purview of the mobile home licensing requirement. The "mobile home" is built on a chassis and thereby readily capable of being wheeled, even though the wheels may be removed for the purpose of setting the mobile home on a foundation.
Similarly, setting the structure upon a foundation and attaching utility services does not avoid the definition of "mobile home." Although section 101(4) refers to a structure "which may be drawn over the public highways," this does not require immediate mobility. The definition also refers to a design and use "for occupancy by persons for residential purposes, in eithertemporary or permanent locations" (emphasis added). Thus, the statute allows "mobile homes" to have some degree of permanency and still fit within the definition. All that is required is that the "mobile home" be capable of being drawn. Although it is perhaps possible for a "mobile home" to be so permanently attached to realty that it no longer is capable of being drawn over the public highways the structures described in your questions are not so attached.[2]
Since the structures described in your questions are "mobile homes" as that term is used in 12-51.5-101 et seq., unless an exemption applies a mobile home dealer's license is required to sell for a commission a mobile home owned by another. C.R.S. 1973, 12-51.5-101(5), 120. This is true whether or not the owner merely leases or also owns and sells the land upon which the mobile home is situated. Senate bill 237 (1981 session) repealed the exemption for real estate licensees.
SUMMARY
In summary, a real estate licensee who does not also have a mobile home dealer's or salesman's license would be in violation of the Mobile Home Dealers Act by selling, pursuant to an agreement with the owner, a mobile home with the wheels removed and which is set upon a foundation and attached to utility services. This result would obtain whether or not the owner of the mobile home also owned and sold the land on which the mobile home is situated or merely leases such land and the lease is transferred to the purchaser.[3]
Very truly yours
 J.D. MacFARLANE Attorney General
LICENSES, OCCUPATIONAL AND PROFESSIONAL MOBILE HOMES REAL ESTATE AGENTS, BROKERS, DEALERS AND SALESMEN DWELLINGS
C.R.S. 1973, 12-51.5-101
REGULATORY AGENCIES, DEPT. Real Estate Commission Mobile Home, Bd. of
A real estate licensee who is not also a licensed mobile home dealer or salesman would be in violation of section 120(1) of the Mobile Home Dealers Act, C.R.S. 1973, 12-51.5-101 etseq., as amended, by selling, pursuant to an agreement with the owner, a mobile home with the wheels removed and which is set upon a foundation and attached to utility services. Mere removal of the wheels and placement on a foundation does not make the structure incapable of being drawn as a wheeled vehicle. A mobile home license is required under these facts whether or not the owner of the mobile home also owned and sold the land on which the mobile home is situated or merely leased such land and the lease is transferred to the purchaser.
[1] See, Office of the Attorney General, "Report to the Governor on Mobile Home Park Living in Colorado," March 13, 1981, pp. 10-11 ("increasingly permanent"); Heath v.Parker, 93 N.M. 680, 604 P.2d 818 (1980) ("appearance of a conventional single-family dwelling"); Hussey v.Ray, 462 S.W.2d 45 (Tex.Civ.App. 1970); ("all the attributes of a permanent type dwelling"); C.R.S. 1973,39-5-201(1) as amended (mobile homes to be taxed by a method similar to that of conventional housing); but see,Timmerman v. Gabriel, 155 Mt. 294, 470 P.2d 528 (1970),Pagel v. Gisi, 132 Colo. 181, 286 P.2d 636 (1955).
[2] Although questions pertaining to real property status of a mobile home may be raised by its affixation to land, such questions are beyond the scope of this request and are not discussed herein.
[3] Although questions of real estate license law requirements may be raised by the negotiation of the transfer of a leasehold estate on which is situated a mobile home such questions are beyond the scope of this request and are not discussed herein.