DAVID HOPKINS, Appellee, v. SCHOOL DISTRICT, Appellant.

SCHOOLS AND SCHOOL DISTRICTS: Reversion of School Grounds
1 —Non-User—Consent of County Superintendent. The non-user of school grounds for two years works a reversion of the land to the owner of the tract from which such school grounds were carved. The fact that the county superintendent consented to such non-user will not prevent the reversion, such consent being without legal effect. (Sec. 2816, Code.)

SCHOOLS AND SCHOOL DISTRICTS: Reversion of School Grounds
2 —Proviso in Deed—Effect. A clause in a voluntary deed to land for school site purposes, providing the conditions on which the land should revert to grantor, should be construed in the light of the statute governing reversion existing at the date of the ex-

ecution of the deed. Proviso construed and *held* to be in harmony with the statute and to evince a purpose to preserve the right of statutory reversion.

*Appeal from Story District Court.—*C. G. LEE, Judge.

THURSDAY, MARCH 18, 1915.

REHEARING DENIED THURSDAY, DECEMBER 16, 1915.

SUIT in equity to declare a forfeiture and to recover an acre of ground and to quiet the title. There was a decree for the plaintiff. The defendant appeals.—*Affirmed.*

*Edward M. McCall* and *Harry Langland,* for appellant.

*B. B. Welty,* for appellee.

EVANS, J.—The land in question comprises the schoolhouse lot of the defendant school district. It was acquired by the defendant in 1877, by deed from one Flickinger. The deed contained a proviso that the land should revert to the grantor whenever it should cease to be used for school purposes. Subsequently, Flickinger sold to plaintiff the quarter-section farm out of which the acre was carved, and later conveyed to him his reversionary interest in the schoolhouse lot. A schoolhouse was built upon the property and a school maintained for many years. From March, 1909, to March, 1912, no school was held upon said property or in said school district. The reason for this was that there were hardly any children in the district, and such as were in the district attended school in other localities. During the period of three years, no director was elected. The building was greatly dilapidated and had so been for several years. The plaintiff claimed the reversion. Thereupon, a school was again opened with four or five scholars, only one or two of whom actually lived in the district. The plaintiff bases his claim to reversion both upon the deed and upon the statute, Code Sec. 2816, which is as follows:

1. SCHOOLS AND SCHOOL DISTRICTS: reversion of school grounds: nonuser: consent of county superintendent.

"In the case of non-user for school purposes for two years continuously of any real estate acquired for a schoolhouse site it shall revert, with improvements thereon, to the owner of the tract from which it was taken, upon repayment of the purchase price without interest, together with the value of the improvements, to be determined by arbitration, but during its use the owner of the right of reversion shall have no interest in or control over the premises.'"

In view of this statute, we shall have no need to consider the effect of the proviso in the original deed.

The defense rests upon two general propositions:

(1) It is argued that the closing of the school was with the consent and by the order of the county superintendent, and that this was equivalent to using the property for school purposes. There is a statutory provision which authorized the county superintendent to permit a district to hold school for a lesser number of weeks a year than the statutory requisite. We know of no provision which authorizes the county superintendent to permit a school district to hold no school whatever. We think, therefore, that the order of the county superintendent furnishes no aid to the defendant.

(2) It is further urged that the forfeiture provisions of the statute must be strictly construed, and that no greater relief should be awarded to the plaintiff than the strict terms of the statutory requirement. This contention may be conceded: The decree of the district court presents no infringement upon this rule. We are unable to see any possible construction of the statute in question which will save this property to the defendant. There was a non-user for more than two years, beyond all question. The statute itself is supported by reasons of sound public policy. Unused school grounds and buildings present a degree of menace to the neighboring property. As might well be expected in such a case, this property was abandoned to tall weeds. The house could not be or was not kept locked. It was frequently occupied by tramps and quasi tramps. Danger of fire was

always imminent. The plaintiff's buildings were close by. The condition thus created presented a constant menace to him. The statute in question does not permit the plaintiff to appropriate the building of the defendant without paying its value as determined by arbitrators. This value was fixed at a liberal sum. If the population of the district should here-after warrant the establishment of another school, the provisions of the statute are adequate to that end.

We think the finding of forfeiture is unavoidable, and the decree entered below is therefore—*Affirmed.*

DEEMER, C. J., LADD and PRESTON, JJ., concur.

SUPPLEMENT OPINION ON REHEARING.

EVANS, J.—In our original opinion, we confined our discussion to the provisions of Code Sec. 2816, and disposed of the case on the theory that such section was controlling of the rights of the parties, and that we need not discuss the effect of the provisions of the deed under which the defendant school district acquired its school property in 1877. Such deed contained the following proviso:

2. SCHOOLS AND SCHOOL DISTRICTS: reversion of school grounds: proviso in deed: effect.

"Provided, however, if said land ever ceases to be used exclusively for schoolhouse lot, it shall revert back and title shall thereupon be vested in said Wm. Flickinger, his heirs or assigns, the same as if this deed and sale had not been made."

It is strenuously urged in the petition for rehearing that the provisions of the statute were superseded by the voluntary conveyance of the grantor to the district, and that the rights of the parties should be determined under the provisions of such deed, and not under the statute. This proposition is plausible upon its face and is entitled to consideration in the opinion.

The argument for the appellant on this feature of the case is that Sec. 2816 has no application to a voluntary conveyance of property, but only to cases where property has

been acquired by condemnation proceedings; that there was an inherent right in the parties to the contract to make their own contract, and that such contract must necessarily govern their future relations.

The power, authority and method of acquiring schoolhouse sites by school districts are set forth in Code Secs. 2814, 2815 and 2816. These sections were in force in 1877, when the defendant acquired its schoolhouse site. By a perusal of these sections, it will be seen that the distinction between a voluntary conveyance by deed and an involuntary conveyance by condemnation, which is urged by appellant, does not obtain in the contemplation of this statute. These sections (omitting matters not necessary for our present consideration) are as follows:

"Sec. 2814. Any school corporation may take and hold so much real estate as may be required for schoolhouse sites, for the location or construction thereon of schoolhouses and the convenient use thereof, but not to exceed one acre, except in a city or incorporated town it may include one block exclusive of the street or highway, as the case may be, for any one site, unless by the owner's consent, which site must be upon some public road already established or procured by the board of directors, and shall, except in cities, incorporated towns or villages, be at least forty rods from the residence of any owner who objects to its being placed nearer, and not in any orchard, garden or public park."

"Sec. 2815. If the owner of the real estate desired for a schoolhouse site, or a public road thereto, refuses or neglects to convey the same, or is unknown or cannot be found, the county superintendent of the proper county, upon the application of either party in interest, shall appoint three disinterested referees  .  .  ."

"Sec. 2816. In the case of non-user for school purposes for two years continuously of *any real estate acquired for a schoolhouse site it shall revert,* with improvements thereon, to the owner of the tract from which it was taken, upon re-

payment of the purchase price without interest, together with the value of the improvements, to be determined by arbitration, but during its use the owner of the right of reversion shall have no interest in or control over the premises.''

In the case at bar, there was a proviso in the deed from the original grantor, as above indicated, but its terms are not literally the same as the proviso of the statute. It is argued that these terms are more favorable to the district than are the terms of the statute, and that they should be construed in the light most favorable to the school district, on the theory that the law abhors a forfeiture.

We think it clear that the proviso in the deed should be construed in the light of the statute then existing. We see no inconsistency between the two. The proviso in the deed was a manifest attempt to save to the acquiescent grantor the benefit of the existing statute, which would concededly apply if the land were taken by condemnation. Sec. 2816 is not a forfeiture statute. It provides for rescission, rather than forfeiture, with full compensation to the school district for the property and improvements to be thus taken. The cases cited by appellant, applying strict rules of construction to avoid a forfeiture, are not fairly applicable. The petition for rehearing must therefore be—*Overruled.*

DEEMER, C. J., WEAVER and PRESTON, JJ., concur.