KONRAD DVORAK, Appellee, v. SCHOOL DISTRICT TOWNSHIP
OF DODGE OF GUTHRIE COUNTY, Appellant.

No. 46820.

APRIL 2, 1946.

George J. Dugan, of Perry, for appellant.

R. E. Duffield, of Guthrie Center, for appellee.

MANTZ, J.— On June 24, 1872, Benjamin Doyl, owner
in fee of the Northeast Quarter of Section 33, Township 81,
Range 31, Guthrie County, Iowa, by warranty deed conveyed
to the School District Township of Dodge of said county, a

certain part of such real estate described as follows: commencing fifteen rods west of the northeast corner of Section 33, Township 81, Range 31, running thence sixteen rods west, thence ten rods south, exclusive of highway, thence sixteen rods east, thence north to place of beginning, the same to contain one acre of ground.

Following the description of the land conveyed, the instrument contained the following provision:

"The same to be revertible to the owner of N. E. ¼ of Section Thirty-three (33), Town. 81, Rg. 31 when it shall have ceased to be used for school purposes."

The grantee, defendant herein, took possession of the parcel conveyed to it by Doyl and erected and maintained thereon what is known in the record as School No. 8, Dodge Township, of said county. Such possession continued down to the time the action herein was instituted.

In February 1929 the plaintiff, Konrad Dvorak, became the owner of eighty acres of the tract owned by Doyl in 1872, from which the schoolhouse site was then taken. The deeds under which he acquired and held title excepted therefrom the tract which Doyl had conveyed to defendant and as above described.

On May 24, 1944, plaintiff, as such owner, brought suit in equity alleging that the land deeded in 1872 by Doyl to the School District Township of Dodge had ceased, for a number of years following 1938, to be used for school purposes and that during such period its use for such purpose had been abandoned and that by reason of such nonuse and abandonment it was to revert to plaintiff as owner of the real estate from which the schoolhouse site was taken, by reason of the provision in the deed of 1872, and asking decree granting such return to him and establishing his title therein, and for other and further equitable relief.

The school district denied the claim of plaintiff insofar as the allegations of ownership, nonuser, and abandonment were concerned and denied further that said tract would revert to plaintiff, in that same was specifically excepted in the convey-

ance under which he took title to the tract upon which said school site was situated.

The case was tried to the Honorable E. W. Dingwell, who found in favor of plaintiff, decreeing that the one-acre tract conveyed in 1872 ceased to be used for school purposes and that it reverted to the tract from which it was taken and found that said tract belonged to plaintiff, but decreed that the improvements thereon belonged to the defendant and that defendant had the right to the removal of such improvements if exercised within a reasonable time. This decree was signed January 4, 1945, and was filed two days later.

A motion to set aside this ruling and decree and to grant a new trial was filed on January 13, 1945, and therein it was alleged that the decree filed was not sustained by sufficient legal evidence and was contrary to law; that defendant was in a position to offer newly discovered evidence and that same would establish its claim that the school had not been abandoned but was closed temporarily by reason of the fact that parents of children of school age in the district desired to send such children to other schools and that the school had been closed but temporarily and had not been abandoned for school purposes; also, that to carry out said decree would amount to taking the property of defendants without just compensation.

Such motion was not supported by affidavit and was simply signed by the attorneys for defendant.

Before said motion was ruled upon Judge Dingwell died, and later it was submitted to the Honorable Norman R. Hays, one of the judges of the judicial district in which Guthrie County, Iowa, is situated. On September 19, 1945, said judge denied said motion and refused to grant a new trial, and confirmed and approved the holding of Judge Dingwell that School No. 8 had not been used for school purposes since 1938, and that its use for such purposes had been abandoned, and further, that the school site reverted to the then owner of the tract from which the site was taken. However, Judge Hays, in approving and confirming the decree entered by Judge Dingwell, modified the same with regard to the improvements then upon said tract

and ordered that the same be disposed of as provided by sections 4379-4384, inclusive, of the 1939 Code of Iowa.

Defendant alone has appealed from both decrees.

I. It will be noted that the action was not brought to recover the school site under any statutory provision but was based entirely upon the reversionary clause in the deed, which clause, while heretofore set forth, will be repeated. It is as follows:

"The same to be revertible to the owner of N. E. ¼ of section Thirty-three (33), Town [ship] 81, Rg. 31 when it shall have ceased to be used for school purposes."

Appellee makes no claim in his petition to anything other than the site conveyed in 1872, and concedes in argument that the improvements now thereon may be removed therefrom as provided in the decree of Judge Dingwell, and later approved, confirmed, and modified by Judge Hays.

Thus it will be seen that the principal question in the case is whether appellant has ceased to use said school site for school purposes.

The decree of Judge Dingwell, signed on January 4, 1945, and filed two days later, has included therein the following specific provision:

"It is Therefore Adjudged and Decreed:—That the tract of one acre described in said deed [Doyl to appellant] has ceased to be used for school purposes, and now reverts to the tract from which it was taken, now owned by the plaintiff, but such reversion relates only to the land itself, and the ownership of the school house, and other improvements on the tract, if any, made by the defendant for the purpose of making the said tract more available for school purposes, if susceptible of removal, as between the parties shall remain the property of the defendant, and the defendant shall have the right to make or cause to be made such removal, and exercise such right within a reasonable time."

It will be noted that the decree of Judge Dingwell finds that the school site belongs to Dvorak and that the buildings

and improvements thereon belong to appellant. Dvorak has not appealed from this decree. Judge Dingwell's decree finds' that appellee's right to the land is based upon the reversionary clause in the deed of Doyl to appellant of June 24, 1872.

There can be little question as to the rights of the parties by reason of the original deed. This deed between Doyl and the school district limited the purposes for which the parcel conveyed could be used, to wit, school purposes. It had therein a covenant regarding the land and its use. The deed was one which the parties had a right to make. The school township, under the statute, had a right to buy and hold property to be used for school purposes. It could make contracts and perform other corporate acts. Sections 2022-2028, inclusive, Code Revision of 1860. Baker v. Chambles, 4 (G. Greene) Iowa 428. Such covenant went with the land conveyed and could be enforced when the property ceased to be used for school purposes.

The reverter clause would become operative when the property conveyed ceased to be used for school purposes, and in that case the site reverted to the owner of the tract out of which it had been carved, upon repayment of the purchase price, without interest.

In this case the evidence shows that appellee is the fee owner of the tract upon which the school site is located. The deed of 1872 recites a consideration of one dollar as having been paid by the school district. Appellee's tender of this sum in open court was refused. As throwing light on this matter, attention is called to the following cases: Hopkins v. School District, 173 Iowa 43, 151 N. W. 443, 155 N. W. 168; Waddell v. Board of Directors, 190 Iowa 400, 175 N. W. 65.

As to the construction of covenants in conveyances and the effect thereon by subsequent statutes, see Burgess v. Magarian, 214 Iowa 694, 243 N. W. 356.

The trial court held that the evidence showed that there had been such nonuse of School No. 8 as to amount to an abandonment in that it had ceased to be used for school purposes. We think the record amply supports such finding. It is a question of fact. The evidence shows without material dispute that

no school had been held in District No. 8 since 1938, about six years prior to the institution of this action.

The secretary of the school board testified that School No. 8 was closed in 1939, and that about the same time seven other schools of that township had been closed and had remained closed since that time. She testified that the school building had been used occasionally for the directors' election each spring but for no other school purpose. She further stated that the records of the district school board show no action was taken as to keeping open or closing School No. 8 for the years following 1938; also that the district school board holds its regular meetings in one of the schoolhouses centrally located; that there are nine school districts in Dodge Township and each has a director who holds office for a period of one year and until another is elected.

The secretary further told of unsuccessful efforts to keep open School No. 8 and others of the township after 1938, and stated that the pupils attended schools at Bagley, Bayard, Yale, and other adjacent towns, and did so partly on account of the difference in cost. Such secretary also testified that following the failure of School No. 8 to operate after 1938, the township school board found it cheaper to send the pupils to an independent school and decided to handle the situation in that manner.

Such witness further testified that for some of the years following 1938 there were a sufficient number of children of school age in District No. 8, if attending, to have kept the school in operation but that the parents of such children refused to sign up to send them to such school; that during the last semester in 1938 there were ten children of school age in that district.

The appellant offered evidence to support its claim that the closing of School No. 8 was but temporary and was due to the fact that there were not sufficient pupils of school age in that district to authorize its operation.

In support of this claim they offered as witnesses Henry Hanson, the director of School No. 8, and Clarence Hidelbaugh, the president of the school township board. We will refer briefly to their testimony.

Clarence Hidelbaugh had been president of the school board of Dodge Township, Guthrie County, Iowa, for sixteen or seventeen years when called to testify. He testified that at the time of the trial in December 1944 all of the nine rural schools of that township had been closed; that School No. 8 had not operated since 1938 and that it was closed then due to lack of the requisite number of pupils in attendance; that no teacher had been employed to teach No. 8 since that time; that since such time no effort had been made in Dodge Township to secure data from which it might be determined that any of the schools in such township could be opened.

Henry Hanson testified that he lived in Dodge Township of Guthrie County and in School District No. 8 thereof; that he had been director of such school since 1935. He stated that such school did not open after 1938, although he tried hard to have it do so; that he saw the school census of 1938 and it showed enough pupils of school age in the district to open the school but that the parents of such pupils would not sign up to send them and there was no way to compel them to attend. The parents told him they would send their children anywhere they pleased. He testified that the board had spent something like $400 to repair and improve the school premises prior to the last eight or nine years. Some playground equipment was erected in 1938.

On cross-examination, he was asked the following:

"Q. Have you ever taken any action to try and open the school since that time? A. Not since '39, because we had no luck that year. I worked hard to do it. I thought maybe times would get hard again so people would be—high taxes would be so high to send pupils to town school the people would be glad to send them to the Township school. The time will come, too. When they had plenty of money they thought it would be nicer to have the kids go to town school than to go to that school there."

There was other evidence in the record, most of which was along the line testified to by the president and secretary of the school board of the district and the director of School No. 8.

Much of it had to do with the efforts and difficulties of the officers, particularly the director, to keep School No. 8 and the other township schools in operation for 1939. Apparently most of the parents in the school districts took little interest in keeping such schools in operation. In the face of such a situation it is not a matter of surprise that at least eight of the nine schools of the district ceased to function after 1938.

Following 1939 nothing was done by any of such officers in that direction. Their claim that the closing of such school and the others in Dodge Township was but temporary and was because of lack of pupils does not have the support of the record. The record shows otherwise.

We hold that the record supports the findings of both Judge Dingwell and Judge Hays on the issue of nonuser and abandonment for school purposes and the reverter of the school site to appellee as the present owner of the land described in the deed out of which the school site was carved.

II. Having disposed of the matter of the present ownership of the site we next turn to the question of the improvements situated thereon. The decree of Judge Dingwell held that such improvements belonged to the school district and that such district had the right to make or cause to be made such removal and to exercise such right within a reasonable time. As before stated, appellee has not appealed from this portion of Judge Dingwell's decree.

Following the death of Judge Dingwell, Judge Hays, acting upon the motion of appellant to set aside the ruling and decree of Judge Dingwell and to grant a new trial, reviewed the entire record as shown by a transcript of the proceedings and confirmed and approved the holding of Judge Dingwell as to the nonuser and abandonment of the school site and its ownership in the appellee. That part of the decree relating to the improvements now upon such school site was modified. So far as same is material, we quote:

"and it is required that before the plaintiff acquires any right to the school house and other improvements on said property that he and the school board shall proceed, so far as the improvements are concerned, according to Sections 4379 to 4384,

inclusive, of the 1939 Code of Iowa and that said statutes shall be strictly complied with by the said plaintiff and the defendant, and judgment is rendered accordingly."

Counsel for appellee, in argument, in effect concedes that the order of Judge Hays as to the disposition of the improvements was both sound and wise.

In view of the differences in the decree of Judge Dingwell and that of Judge Hays regarding the improvements now upon the reverted school site and the disposition thereof, we deem it proper to make a finding and order pertaining to such matter.

Summarizing: Judge Dingwell held that such improvements belonged to the school district and granted them a right to remove same if exercised within a reasonable period.

Judge Hays held that such improvements should be disposed of according to the provisions of sections 4379-4384, inclusive, Code of 1939.

In view of such differences, we think the matter can be disposed of by granting to appellant an election as to which method it desires to pursue. Therefore, appellant is granted an election either to follow the course as provided in the decree of Judge Dingwell or that in the decree of Judge Hays. Such election is to be exercised within sixty days following the filing of this opinion and is to be in writing and filed with the clerk of the district court in and for Guthrie County, Iowa. Said clerk is to furnish appellee a copy of said election in the event such course is exercised. In case appellant fails to elect within the period, then the method provided in the decree of Judge Hays is to be followed.

It is ordered that the district court in and for Guthrie County, Iowa, is to retain jurisdiction for the purpose of making any further and necessary orders in connection with this case. The decree of the lower court is modified and affirmed.— Modified and affirmed.

BLISS, C. J., and OLIVER, HALE, MILLER, GARFIELD, SMITH, and MULRONEY, JJ., concur.

WENNERSTRUM, J., not sitting.