## No. 15,388.

### Estate of Seeger.
### Seeger, Administratrix *v.* Puckett et al.
(171 P. [2d] 415)

Decided June 17, 1946.   Rehearing denied July 22, 1946.

Mr. CHARLES E. FRIEND, for plaintiff in error.

Mr. BENJAMIN C. HILLIARD, JR., Mr. BERNARD E. ENGLER, for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court. They are hereinafter referred to as there, or as Puckett and Seeger, respectively. William Seeger died after the writ herein was issued.

Seeger had a certain structure in process of erection. Puckett, suing on behalf of plaintiffs and all others similarly situated, claiming a violation of applicable building restrictions to his detriment, sought injunction, including removal of the improvement. Seeger denied most of the allegations of the complaint, including knowledge of the restrictions, admitted his intention to erect other similar improvements, and challenged the sufficiency of the stated facts and plaintiffs' capacity to sue. The cause was tried to the court without a jury and judgment entered enjoining the continuation of the questioned improvements and directing removal of those already made unless they should be remodeled and completed within six months under the court's direction and comformable with the pleaded restrictions. To review that judgment Seeger prosecutes this writ. Out of the eleven points specified we are unable to spell more than a contention that the judgment is not supported by the evidence. In his "findings" the court stated, "If the property was of sufficient size, then another building may be built, but in no event another residence."

1. Cross error is assigned on the foregoing finding and on the provision of the decree permitting Seeger to alter his structure. Since the objectionable portion of the findings was not incorporated in the decree and

Seeger declined to comply with the six month's provision, these cross errors require no notice.

2. The property in question is a portion of a tract known as "Stewart Gardens" located just outside the city of Denver. One Ritchie, the original owner, platted the tract for residence purposes in 1925. In 1928 Ritchie conveyed to Snethen by deed which provided that the grantee "will erect no unsightly buildings upon said premises or of such nature as to detract from the value of neighboring premises, to keep said premises in a neat and sanitary condition, and to refrain from erecting or causing to be erected thereon any buildings other than a residence and such barns, sheds and outbuildings as may be necessary in the reasonable enjoyment of said premises as a place of residence." In 1930 Snethen conveyed to Pifer without restrictions, and in 1933 Pifer conveyed to Seeger without restrictions. However, Pifer advised Seeger that restrictions existed and attorneys who examined his title also called his attention to existing restrictions and advised him that he "is bound by what the record shows, whether he knew it or not." Later Seeger began violating said restrictions and when his attention was called to their existence he was warned to desist and at first complied. Some forty residence deeds to parcels in Stewart Gardens, all containing substantially the same restrictions, were introduced in evidence and show the general plan of Ritchie in platting the tract and selling lots therein. Puckett owns property diagonally across the street from the tract in question. He bought with the usual restrictions and information and paid an enhanced price by reason thereof. Numerous other witnesses did likewise and it is in evidence that the Seeger structures would decrease these values from fifteen to twenty per cent. Seeger had jacked up a double garage, moved it toward the street, put in a basement of cinder blocks, a porch and some other additions, and, using the original roof, was transforming it into a residence. Three witnesses, qualified as experts,

testified that the Seeger structure grossly violated the restrictions above quoted. The court found that the Ritchie plan was to promote a suburban residential district; that some fifty houses had been constructed therein, all having "a fixed standard of similarity"; that Seeger bought with notice; that the building is unsightly, crooked and presents a poor appearance; that it will deteriorate more rapidly than nearby buildings; that it "had the appearance of being patched and shabily built"; that it should be classified "with the buildings usually seen in the slums of the city"; "I viewed the building * * * the walls are out of line * * * the floor is out of shape * * * the pillars are not plumb or straight * * * the basement is used as a residence and constitutes a double residence."

■ ■ That such a general plan as that evidenced by the plat of Ritchie and the various deeds to purchasers of tracts in Stewart Gardens is valid, that such restrictions are for the benefit of all the purchasers and so made, that they give a right in the nature of an easement enforceable in equity against all purchasers though there be no direct contractual relations between them, and give each a right to enforce the restrictions against others, is well settled. *Evans v. Foss,* 194 Mass. 513, 515, 80 N.E. 587; *DeGray v. Monmouth Beach Club House Co.,* 50 N.J. Eq. 329, 24 Atl. 388; *Hayes v. Gibbs* (Utah), 169 P. (2d) 781. The evidence amply supports the allegations of the complaint as to the original plan of Ritchie and that Seeger bought with full knowledge thereof. In such case it is immaterial that the restrictions were not contained in Seeger's deed. *Burgess v. Magarian,* 214 Ia. 694, 697, 243 N.W. 356.

■ ■ 3. There was conflicting evidence of minor waivers and abandonment. If properly pleaded and presented those questions were for the court. However, waiver and abandonment are special defenses, in the nature of confession and avoidance, and it is fundamental that such must be specially pleaded. 49 C.J.,

p. 289, §355; Rule 8 (c) '35 C.S.A., vol. 1, p. 32. This record discloses no such plea. Again, the question was clearly put to counsel for Seeger during the examination of a witness and reliance upon the defenses denied; thus, "Mr. Hilliard: If he is offering to show there has been any abandonment or waiver of these restrictions, in the past, I object." "Mr. Friend: I haven't that purpose."

▪ 4. Seeger relies on the one year statute of limitations, section 154, chapter 40, page 592, volume 2, '35 C.S.A. This on the theory that the objectionable structure was erected in 1937 and this suit was not instituted until August, 1942. His major premise is false. The structure erected in 1937 was a double garage, constructed by special permission, which in 1942 Seeger moved, deformed and worked into a so-called "two-family residence," with five rooms on each floor.

Several minor questions are argued in the briefs, none of which we consider of sufficient merit to justify examination. Others are argued but not covered by the assignments.

Finding no reversible error in the record the judgment is affirmed.

MR. CHIEF JUSTICE KNOUS, MR. JUSTICE STONE and MR. JUSTICE ALTER concur.

*On Petition for Rehearing.*

*Order Modifying Opinion and Denying Rehearing.*

The original opinion is hereby modified by adding thereto the following:

However, since plaintiff in error could not obey the order of the trial court granting time to comply with the restrictions without waiving the legal question raised that court is now authorized, in its discretion, to extend time for such compliance, to run from the date of the receipt of the remittitur herein.

The opinion is so modified and the rehearing denied.